# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

WAYNE J. JONES, SR.,
 *Petitioner*,

v.

No. 3:17-cv-880 (VAB)

COMMISSIONER OF CORRECTION, et al.,
 *Respondent.*

## ORDER FOR PETITIONER TO FILE SUPPLEMENTAL NOTICE

On October 27, 2006, Wayne J. Jones, Sr. ("Petitioner") was convicted of sexual assault in the first degree, in violation of CONN. GEN. STAT. § 53a-70(a)(1), burglary in the first degree, in violation of CONN. GEN. STAT. § 53a-101(a)(2), and kidnapping in the first degree, in violation of CONN. GEN. STAT. § 53a-92(a)(2)(B). Pet. at 2, ECF No. 1; Resp't's Ex. V at 101–02, ECF No. 12-26. On December 15, 2006, the trial court sentenced Mr. Jones to twenty-five years of incarceration. Pet. at 2; Pet'r Mem. at 2; Resp't's Ex. V at 3, ECF No. 12-28.

Mr. Jones appealed his convictions to the Connecticut Appellate Court. *State v. Jones*, 974 A.2d 72 (Conn. App. Ct. 2009); Case Detail for *State v. Jones*, No. 28642, State of Connecticut Judicial Branch, http://appellateinquiry.jud.ct.gov/AppealNoInq.aspx. The Connecticut Appellate Court affirmed Petitioner's convictions, and thereafter, the Connecticut Supreme Court denied certification to appeal the Appellate Court's decision. *State v. Jones*, 979 A.2d 492 (Conn. 2009).

While his direct appeal was pending, Mr. Jones filed his first petition for writ of habeas corpus in state court. *Jones v. Warden*, No. CV074001687S (*Santos, J.*), 2010 WL 4612586

(Conn. Super. Ct. Oct. 25, 2010). The state habeas court denied the petition on October 25, 2010. *Id.* In a *per curium* decision on March 27, 2012, the Connecticut Appellate Court affirmed the state habeas court's judgment. *Jones v. Comm'r of Corr.*, 38 A.3d 1253 (Conn. App. Ct. 2012).

Fifteen days after the first habeas action terminated, Mr. Jones filed a second state habeas action. *Jones v. Warden*, No. CV124004724S (*Oliver, J.*), 2014 WL 7495091 (Conn. Super. Ct. Nov. 21, 2014). The state court denied that petition on November 21, 2014, and the Connecticut Appellate Court affirmed the lower court's judgment on November 22, 2016. *Jones v. Comm'r of Corr.*, 150 A.3d 757 (Conn. App. Ct. 2016). Thereafter, on January 11, 2017, the Connecticut Supreme Court denied certification to appeal the Appellate Court's decision. *Jones v. Comm'r of Corr.*, 152 A.3d 1246 (Conn. 2017).

On March 3, 2017, fifty-one days after the second state habeas action terminated, Mr. Jones filed a third petition for writ of habeas court in state court. Case Detail for *Jones v. Comm'r of Corr.*, No. CV174008687S (*Oliver, J.*), http://civilinquiry.jud.ct.gov-/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV174008687S. The state habeas court dismissed that petition on March 28, 2017 and denied his petition for certification to appeal its decision on April 10, 2017. *Id.* Mr. Jones did not seek an appeal from the denial of certification.

On April 24, 2017, Mr. Jones filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his state convictions.[1] On October 4, 2017, while his federal petition was pending, Mr. Jones filed a fourth petition for writ of habeas corpus in state court.

---

[1] The federal petition was docketed on May 26, 2017. However, under the "prison mailbox rule," the petition is deemed filed at the moment petitioner gave it to prison officials for filing, which the Court can presume is April 24, 2017, the day petitioner signed the petition. *See Hardy v. Conway*, 162 Fed. App'x 61, 62 (2d Cir. 2006) (explaining that *pro se* petitioner's habeas petition is deemed filed at moment he gives it to prison officials); *Johnson v. Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001) (explaining that court assumes prisoner gave habeas petition to prison officials on date he signed petition).

2

Case Detail for *Jones v. Comm'r of Corr.*, No. CV174009143S, http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV174009143S. That petition is currently pending in state court. The Commissioner of Correction responded to the merits of the federal petition, along with supporting evidence, on January 31, 2018. Resp't's Mem. in Opp. to Pet. for Writ of Habeas Corpus, ECF No. 12.

A petitioner may not bring a successive § 2254 petition raising new claims in federal court unless the Court of Appeals issues an order authorizing consideration of the new claims. 28 U.S.C. § 2244(b)(3)(A); *Player v. Artus*, 06 Civ. 2764 (JG), 2008 WL 324246, *2 (E.D.N.Y. Feb. 6, 2008). Thus, if Mr. Jones proceeds with his federal habeas petition as written, he may be foreclosed from raising any additional constitutional claims regarding his state convictions not addressed in the petition. Because Mr. Jones has a pending habeas corpus action in state court, the Court will afford him one opportunity to amend his federal petition after exhaustion of his fourth state habeas petition.

**Within thirty (30) days from the date of this order**, Mr. Jones shall file a notice with the Court stating his intention to (a) proceed with his federal petition as written or (b) exhaust his fourth state habeas action before proceeding with his federal petition. If Mr. Jones chooses to proceed with his federal petition as written, the Court will issue a ruling on the merits of his petition and petitioner will be foreclosed from filing any second or successive § 2254 petition in federal court (unless the Court of Appeals authorizes the new claims). If Mr. Jones chooses to exhaust his fourth state habeas action before proceeding with his federal petition, the Court will dismiss the federal petition without prejudice, and petitioner may move to re-open the case and

file an amended § 2254 petition with any additional exhausted claims following the termination of the fourth state habeas action.²

**Failure to file the required notice with the Court within thirty (30) days of the date of this order will be deemed as a waiver of all claims not currently raised in the instant federal petition, and the Court will issue a ruling on the merits of the federal petition as written.**

**SO ORDERED** this 22nd day of March 2018 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
THE HONORABLE VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

² The Antiterrorism and Effective Death Penalty Act provides a one-year statute of limitations for federal habeas actions filed by prisoners in custody pursuant to a state judgment. 28 U.S.C. § 2244(d)(1). The one-year limitations period "run[s] from the latest of . . .the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Fifteen (15) days elapsed between the Connecticut Appellate Court's decision on petitioner's first state habeas appeal (March 27, 2012) and the day petitioner filed his second state habeas petition (April 11, 2012). Fifty-one (51) days elapsed between the termination of the second state habeas appeal (January 11, 2017) and the day petitioner filed his third state habeas petition (March 3, 2017). Finally, 177 days elapsed between the termination of the third state habeas case (April 10, 2017) and the day petitioner filed his fourth state habeas petition (October 4, 2017). The filing of the federal habeas petition does not toll the limitation period. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).

Based on the Court's review of the state court proceedings, Mr. Jones therefore has 122 days remaining on the limitation period to refile his federal petition. Thus, if petitioner chooses to exhaust his fourth state habeas action before the Court rules on his federal petition, he will have 122 days from the termination of his fourth state habeas case to file a motion to reopen in this case with an amended federal petition.

4